thank you your honor may it please of the court my name is Nancy Schwartz and I represent the appellant in this case mr. Mark Elkshoulder. Mr. Elkshoulder is respectfully asking this court to reverse his conviction for failing to register as a sex offender because he had no duty to update his registration under SORNA and so he was not in violation of the statute. This court is aware of the facts of this case but I would like to point out how the facts in this case overlap other cases of Mr. Elkshoulder because it is important for my argument. In March 2017 Mr. Elkshoulder was arrested on state charges. At the time he was transient and living on the streets in Billings, Montana. The next month he was indicted in Montana District Court cause number CR 1740 with failure to register. Mr. Elkshoulder pled guilty to that offense and he was sentenced to 12 months custody followed by five years of prison. In April 2018 Mr. Elkshoulder was due to be released from custody but he remained incarcerated on those original state court charges. Those charges were eventually resolved and he was released from jail in November 14, 2018. Upon his release from jail Mr. Elkshoulder should have checked in with his federal probation officer but he did not do so and a warrant was issued for his arrest. He was arrested shortly thereafter in on November 25th, 2018. Then in December 2018 he was sentenced in CR 1740 to six months in jail and 30 months supervised release. He was supposed to be released for violating his supervised release conditions in April but then in March 19, 2019 he was indicted in the present case for failing to update his registration in the 11 days between November 14, 2018 and November 25 when he was arrested for the violation of his CR 1740. When I was first looking at this case it appeared that Mr. Elkshoulder had been indicted based on a misreading of 34 U.S.C. 20913 subpart B subpart 2 which requires sex offenders to register within three days after being sentenced for a sexual offense if they are being imprisoned for that offense. But as this court is aware subpart B only applies to the initial registration of sex offenders or those who are registering with respect to the offense giving rise to the registration requirement. It does not apply to offenders who are released from jail for other offenses. Here it is agreed that Mr. Elkshoulder falls under subsection A of 20913 which requires the sex offender to register and keep his registration current in each jurisdiction where the offender resides and where the offender is an employee. Counsel I know you're going through a long narrative here but I want to tell you what what my concern with your argument is. Under C a sex offender shall not later than three business days after each change of name, residence, etc. appear in person. That's the way the statute starts and I take your argument as being that is not applicable here because leaving prison no matter how you've been in prison if you're going back to where you were there hasn't been a change in residence. Am I understanding your argument right? Yes you are that is my argument. Okay so I don't see how that works under the statute so even if he doesn't have to register vis-a-vis the prison under the statute and under the prison where he's been for however long he was he hasn't changed his residence under the plain language of the statute and also even if it's not so plain under the guidance issued by the Attorney General who has discretion. So to borrow one of Judge Kristen's questions in another case please give me your best argument as to why his leaving prison and going back on where he had lived before isn't a change in residence under the statute. My best argument on that is that the government's argument is putting language into the statute that's not there which is precluded by at least the United States Supreme Court in Nichols and it's also precluded by this court's decision in Cohen v. United where the Ninth Circuit indicated that one does not change his residence to prison by virtue of being incarcerated there. Hold on hold on we're not talking about going into prison I think that's uncontested he didn't have to register and give the government notice he was being admitted into prison right we're talking about when he comes back out. So think of if you'd break down Judge Bennett's question because I think he and I have the same question and his question baked in however long he was in prison. So if we break it break it down and we're just talking about getting out of prison transitioning from prison to back on the streets and billings and for this hypothetical let's say he's been there at least 30 days because our understanding per your briefing is if you're some residing somewhere habitually for for 30 days that becomes a residence. Why doesn't he have to report that if he's in prison not not overnight he's not there over the weekend but if he's some in prison or jail for for 30 days why doesn't that constitute a change that has to be reported please? Well and I wouldn't even really say that he only has he has to be out for 30 days but section I thought applied to Mr. Elkshoulder was 20918 which requires him to engage in periodic in-person verification because he's a tier 3 offender and so he has to appear in person every three months and so my position is that he his residence has not changed he habitually lived on he's homeless before he went into custody he's homeless when he comes out and so his residence has not changed. I think I want to break that down if I could forgive me for interrupting but when you say he was homeless when he on billing in the streets of billings before he went into prison nobody's contesting I think that he had to report going into prison I think Judge Bennett's question is what after he's in prison for our hypothetical he's there 30 days and gets back out does he have to report that so so your briefing says repeatedly that there was no change he was homeless in billings and he was homeless in billings right had he was I can't find in the record anywhere where it tells me that he was registered as homeless in billings before he went into prison was that his registered address? His registered address was not homeless in billings it was an address in billings but that was why I spent time addressing what had happened with the other case because there's no question that he had already been charged with failing to register for the period of time that he was in custody I mean before he went into custody on that state charge. Right but if that's the case if his official registered address wasn't homeless in billings then when he gets back out of prison then I don't know how you can tell that okay you can argue that there wasn't a change in his residence. So in your brief you say he last registered in compliance with SORNA in April 2016 so you're saying he registered in April 2016 and that never changed. Right and that is somewhat misleading because when he indictment in CR 1740 covered the dates from December 31st 2016 until April 20 2017 and so those dates were already charged in the previous case. I just my position is that the government jumped the gun on this one that he was only out for 11 days and they had an obligation to give him more time to register before they charge him with another offense. But but but but but counsel so the statute that I'm looking at says three business days but the statute also in order to convict your client who pled guilty conditionally there has to be a knowing violation so if your clients view was he got wrong information or he thought something incorrectly your client could have gone to trial right because the government would have to prove a knowing violation? That is true and looking back on that what I was following was the decision of Nichols where that defendant had actually entered a conditional guilty plea and then challenged the specific interpretation of a statute because what the judge did here was just questioning whether or not a change in residence and whether a term of incarceration qualifies as a change in residence. So that was the basis of filing. So counsel is it your position that no matter what where the prison is and no matter how long the person goes in for when the person gets out of any prison wherever he or she goes to there is no requirement to go in with three business within three business days and if they're if they're prior previously were on the registry there's no obligation to go anywhere within three business days no matter what if as long as they're coming out of prison? Right because I think that that's the rule that applies to prisoners who have homes when they go into prison when they have a residence and then they return to that residence I'm not aware of any requirement for them to go in and re-register that residence. They only have the obligation to register once the other parts of the statute come into play for instance the someone who has a residence I'm sorry go ahead and finish your statement you are out of time go ahead and finish your statement please. Someone who has a residence and goes into prison and then returns back to that residence doesn't have an obligation to update the registration within three days and that should be the same case for someone who's homeless. Thank you. Thank you we'll put a minute back on the clock so you can plan accordingly we'll get a little rebuttal time but we'd like to hear from the government next please. Good afternoon your honors Zeno Bacchus U.S. Attorney's Office District of Montana may please the court. This case concerns the application of two terms contained within SORNA where it's residence and change to a sex offender's failure to update his registration when he is released from custody. Now Mr. Elkshoulder who has two prior convictions for failing to inform the jurisdiction within three business days per statute as to this change in residence. He violated the terms of SORNA as a result and run afoul of one of its main purposes. As the court is aware when Congress enacted SORNA in 2006 one of the principal reasons for enacting this legislation was to be able to track sex offenders that is their location need to be known by law enforcement and the community. One of the key mechanisms in doing so and achieve this goal was the imposition of criminal penalties for those defendants or those sex offenders who fail to register within prescribed periods of time. Again SORNA requires a sex offender to update his registration not later than three business days after the change in his residence. Forgive me it's kind of hard on zoom to get the lawyers attention sometimes so forgive my I don't mean to be rude but I would like to know at in this record did you introduce evidence to establish Mr. Elkshoulder's existing registration? We did not your honor that that is not in the record there essentially was almost an agreed-upon statement of facts by the parties frankly for purposes of the motion and dismiss and the issue that presented by the issue presented by Mr. Elkshoulder was he whether he got a duty to register within three days after being discharged after 18 months roughly in court relied upon I think the definition of change what it meant to change residents and so that presupposes that we have to know what he's changing from if you didn't rely on the fact I think we have a concession well let me back up the the stipulated what I considered to be stipulated fact in this case is that Mr. Elkshoulder had been homeless on the streets and buildings before he went into prison and then counsel's argument is premised on the fact that he went back to being homeless when he was released from prison but it wasn't homeless in prison it was a different address the street address in buildings so that seems to me to be problematic your but anyway that's not what's argued here today for some reason your your argument is that there was a change of his residence so you're you're just looking at the changes from being in prison to being out of prison is that it that's correct yes okay if that's the case then my next question is does it matter how long he was in prison in this case was more than 30 days right it was roughly 18 months that's correct okay under your theory of this statute if he'd been in prison for a week would that change the outcome here your honor respectfully I think it would judge waters in the district court noted footnote to I think exerts a record 18 in her opinion and that issue was not before the court the district level not here but the court could imagine situation for example where somebody's in custody for a few days one could see a sex offender that gets a DUI spends a weekend in prison or jail and whether they have to essentially reregister when they're released I don't think that would be the case I think that the length of prison served by the sex offender is highly relevant as to whether there is a duty to change the registration or update the registration when they are discharged when you say when you say highly relevant is it highly relevant based on the Attorney General's definition of habitually lives if it's at least 30 days so when you say highly relevant are you saying it's under this whether it's more or less than 30 days or are you saying something else the district court positive that the 30-day would be a good essentially cut off if somebody but I'm asking you the government's position is that the government's position 29 days don't have to do it 31 days do have to do it you're on Judge Bennett I think I think it's fact-dependent and I think that 30 days would be highly informative as to whether somebody established residence in jail they are guidelines they are followed but the residence is the key question somebody is in jail for more than 30 days the government probably take the position that that is in fact a residence that as a result of being in custody and for 18 months here for example mr. Elksholder wasn't custody law enforcement knew where he was he was receiving his mail there was making phone calls visitors there so so the issue is whether they established a custody and the length of the time yes is very informative as to whether the residence is established do either of my colleagues have any additional questions for the government no okay thank you very much for your argument your honor we'll hear from Defense Council again please thank you judge Bennett's question raises a very important point about what is the legal effect of those guidelines versus what is the language of the statute because the guidelines were actually something that was directed at the jurisdictions in implementing SORNA and they don't create independent obligations to register so the 30 days is only appears in the guidelines it doesn't appear in the statute it habitually lives has been defined in the guidelines as 30 days but there's nowhere in the statute that requires that and so there's certainly for instance Nichols there's cases where the guidelines actually have more sufficient to file to constitute a violation of SORNA they require cats so that might help somebody but I don't see how that helps you given the length of time your client was incarcerated I'm not sure that the government's position makes a lot of sense to me but I'm not sure it matters here where your your client was in for 18 months right yes he was in custody and again he was in revised release conditions for failing to register previously so it was all very related again my final argument was just that this argument is putting in language into the statute 209 13 C it's adding or release from incarceration into that paragraph and they could have done that had they wanted to do so they've done that as far as initial registration they've been required them to report within three days after they're convicted they could have done that and they didn't do so and so there's no requirement for Mr. Upshoulder to have registered in this case thank you thank you both we appreciate your argument very much it's very helpful we're gonna take that case under advisement and go on to the final case on our calendar this morning that is case number 20 7 0 1 3 7
judges: Christen, Kobayashi, Bennett